**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JASON HARLOFF, Derivatively on Behalf of Nominal Defendant WARNER BROS. DISCOVERY INC., <br><br> Plaintiff, <br><br> v. <br><br> DAVID ZASLAV, GUNNAR WIEDENFELS, LI HASLETT CHEN, RICHARD W. FISHER, PAUL A. GOULD, KENNETH W. LOWE, JOHN C. MALONE, FAZAL MERCHANT, PAULA A. PRICE, SAMUEL A. DI PIAZZA, DEBRA L. LEE, and GEOFFREY Y. YANG, <br><br> Defendants, <br><br> and <br><br> WARNER BROS. DISCOVERY, INC., <br><br> Nominal Defendant. | Case No. 1:25-cv-00207-JLH |

**STIPULATION AND [PROPOSED] ORDER**

WHEREAS, plaintiff Jason Harloff ("Plaintiff") commenced the above-captioned shareholder derivative action on behalf of Nominal Defendant Warner Bros. Discovery, Inc. ("WBD" or the "Company") on February 20, 2025, against Defendants David Zaslav, Gunnar Wiedenfels, Li Haslett Chen, Richard W. Fisher, Paul A. Gould, Kenneth W. Lowe, John C. Malone, Fazal Merchant, Paula A. Price, Samuel A. Di Piazza, Debra L. Lee, and Geoffrey Y. Yang (the "Derivative Action");

WHEREAS, the Action is brought against overlapping defendants and asserts substantially similar claims to the putative securities class action commenced on November 25, 2024 captioned *Collura v. Warner Bros. Discovery, Inc. et al*, No. 1:24-cv-09027-KPF (the "Securities Action");

WHEREAS, the parties have conferred and agree to request a stay pending the entry of a decision on the anticipated motion to dismiss the complaint in the Securities Action;[1]

WHEREAS, this is the parties' first request for an adjournment;

IT IS HEREBY STIPULATED AND AGREED, subject to the Court's approval, by and among the undersigned counsel, that:

1. The Derivative Action (including Defendants' time to answer, move to dismiss, or otherwise respond to the complaints, and all discovery) shall be stayed until the earlier of: (i) the issuance of a final decision and order on all motions to dismiss the operative complaint in the Securities Action (if any); or (ii) either Party providing the other Party thirty (30) days' notice that they no longer consent to the stay. Nothing herein shall affect the Parties' rights to move the Court to lift or extend the stay, or to move for a further stay, and/or to oppose any such motion(s); provided that Defendants shall not move to stay the Derivative Action on the grounds that a Related Derivative Action (defined below) should proceed before the Derivative Action.

2. Defendants shall promptly notify Plaintiff of any new derivative actions, litigation demands, or demands pursuant to 8 *Del. C*. §220 of which they become aware that assert allegations that are substantially similar to the allegations made in the Action ("Related Derivative Action(s)" or "Related Demand(s)").

3. Defendants shall promptly notify Plaintiff if any Related Derivative Action is not stayed for a similar or longer duration.

4. Subject to counsel entering a reasonable and mutually agreeable confidentiality agreement or protective Order, Defendants shall promptly provide Plaintiff with all documents

---

[1] Counsel for the Parties certify pursuant to L.R. 16.4(b) that they have informed their respective clients of the request to extend these deadlines.

produced to plaintiffs in the Securities Action, any Related Derivative Actions, or stockholders with Related Demands.

5. If Defendants engage in mediation or any formal settlement discussions in the Securities Action or any Related Derivative Action, Defendants agree to provide Plaintiff with reasonable advance notice and to invite Plaintiff to participate in such mediation or settlement discussions. If Defendants produce documents to the plaintiffs in the Securities Action or in any Related Derivative Action, in connection with a mediation, Defendants agree to provide them to Plaintiff on the same terms.

6. Notwithstanding the agreed-upon stay of the Derivative Action, Plaintiff may amend his complaint during the pendency of the stay, but Defendants shall have no obligation to move, answer, plead, or otherwise respond to any amended complaints during the pendency of the stay.

7. No later than thirty (30) days following the lift or termination of the stay pursuant to paragraph 1, the parties shall meet and confer and submit a proposed scheduling order.

8. The undersigned counsel for Defendants accepts service on behalf of all of the Defendants without prejudice and without waiver of any of Defendants' defenses, objections, or arguments in this matter or any other matter, including, without limitation, those regarding personal jurisdiction, subject matter jurisdiction, or venue, except as to the sufficiency of service of process of the summons and the complaints.

Dated: March 12, 2025

                                            BIELLI & KLAUDER, LLC

*Of Counsel:*

                                            */s/ Ryan M. Ernst*

Joshua M. Lifshitz                   Ryan M. Ernst. (Bar No. 4788)
LIFSHITZ LAW PLLC               1204 N. King Street
1190 Broadway                       Wilmington, Delaware 19801
Hewlett, New York 11557          (302) 803-4600
(516) 493-9780                      rernst@bk-legal.com
jlifshitz@lifshitzlaw.com

                                            *Attorneys for Plaintiff Jason Harloff*


                                            ROSS ARONSTAM & MORITZ LLP

*Of Counsel:*                             */s/ Thomas A. Barr*
                                            Bradley R. Aronstam (Bar No. 5129)
Jonathan Polkes                    Thomas A. Barr (Bar No. 5589)
Stacy Nettleton                     1313 North Market Street, Suite 1001
WHITE & CASE LLP                Wilmington, Delaware 19801
1221 Avenue of the Americas      (302) 576-1600
New York, New York 10020        baronstam@ramllp.com
(212) 819-8200                      tbarr@ramllp.com
jonathan.polkes@whitecase.com
stacy.nettleton@whitecase.com    *Attorneys for Nominal Defendant Warner Bros. Discovery, Inc. and Defendants David Zaslav, Gunnar Wiedenfels, Li Haslett Chen, Richard W. Fisher, Paul A. Gould, Kenneth W. Lowe, John C. Malone, Fazal Merchant, Paula A. Price, Samuel A. Di Piazza, Debra L. Lee, and Geoffrey Y. Yang*


SO ORDERED, this \_\_\_\_ day of _____, 2025.

                                                                                  _____
                                                                                  The Honorable Jennifer L. Hall
                                                                                  United States District Judge